UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF FLORIDA
Case No: 16-20669 CR Scola

UNITED STATES OF AMERICA
      Plaintiff

vs.

LUIS HERNANDEZ-GONZALEZ
      Defendant
_____/

MOTION IN OPPOSITION TO GOVERNMENT'S REQUEST FOR WRIT OF
HABEAS CORPUS AD PROSEQUENDUM

COMES the Defendant, by and through Woodward and Reizenstein, Philip L. Reizenstein, Esq., and Frank J. Gaviria, Esq., and hereby files this motion in opposition to the request of the Government for this court to issue a writ authorizing the United States Marshall's service to take custody of Luis Hernandez-Gonzalez and to being him from the custody of the Dade County Department of Corrections and deliver him into the custody of the United States Government for the purposes of prosecuting Mr. Luis Hernandez-Gonzalez. In support thereof, the Defendant would aver the following:

I FACTS

1. Luis Hernandez-Gonzalez was arrested on June 28, 2016 pursuant to an investigation of State and Federal law enforcement agents from Tennessee, Florida, and the United States Government. Mr. Hernandez-Gonzalez was charged in the circuit court of the eleventh judicial circuit in and for Miami-Dade County

Florida under case number  F16-013583. Mr. Hernandez-Gonzalez is being held in a Miami-Dade County jail at TGK under a three-million-dollar bond that has not been posted.

2. On July 19, 2016, Mr. Hernandez-Gonzalez was charged in case number F16-013583 with trafficking in Marijuana, conspiracy to traffic in marijuana, and money laundering. These three charges are first degree felonies in the State of Florida. The maximum prison sentence for each of these felonies is thirty years in prison.

The charges against Mr. Hernandez-Gonzalez stem from his ownership of a store called The Blossoms Experience in which Mr. Hernandez-Gonzalez sold legal items including lamps, tables and fertilizers that can be used to hydroponically cultivate a variety of plants including tomatoes, cucumbers, lettuce and cannabis.   The particular charges of conspiracy and trafficking arise from telephone text messages Mr. Hernandez-Gonzalez was alleged to have sent to individuals in Tennessee who were growing marijuana. The text messages are alleged to have answered questions about the particular plants the individuals in Tennessee were growing.

3. Two search warrants were served at The Blossoms Experience, the first on the day of Mr. Hernandez-Gonzalez's arrest. The results of the warrants were that one

single, small marijuana plant was located in The Blossoms Experience warehouse near an employee's work area. The possession of such a plant would constitute a misdemeanor offense in the State Of Florida.

4. A search warrant was also executed at the home of Mr. Hernandez-Gonzalez. Over twenty-one million dollars in United States currency was located and seized at the home.

5. Pursuant to the seizure of United States currency, the Miami-Dade police department instituted forfeiture proceedings against Mr. Hernandez-Gonzalez. Those proceedings are being scheduled for an adversarial preliminary hearing in the circuit court of the eleventh judicial circuit in and for Miami-Dade County, Florida under case number 2016-017684-CA-01before the Honorable Rodney Smith.

6. During the course of the State court proceedings, the defense was contacted by Assistant United States Attorney Elijah Levitt.  AUSA Levitt recently informed the defense that Mr. Hernandez-Gonzalez had been indicted by the United States Government for money laundering and structuring. The indictment, under information and belief, has not been unsealed.

7. During the last conversation with AUSA Levitt, the defense was informed that the government will be seeking a writ from this court to bring Mr. Hernandez-Gonzalez into the custody of the United States Government. The defense informed the government that the defense objects to this occurring.

8. The state court prosecution of Mr. Hernandez-Gonzalez is proceeding as follows: The matter was set for trial on October 4, 2016. During the sounding on September 22, 2016, the prosecution announced that it was not ready for trial and the court granted a state continuance.

## II ARGUMENT: THE TRANSFER OF LUIS HERNANDEZ GONZALEZ WILL PREJUDICE HIM IN BOTH OF HIS STATE CASES

There is no question *whether* the government can successfully obtain a writ to transfer Luis Hernandez-Gonzalez from state custody. The question is *should this court allow it?*

**LOSS OF SPEEDY TRIAL RIGHTS IN F16-013583:**

Presumably the government and the Miami-Dade police department chose this course of conduct. DEA agents were present during the questioning of Luis Hernandez-Gonzalez and the searches of his business and home. In the affidavits for warrants for search warrants made to the State Circuit Court, a federal DEA investigation beginning in 2010 was detailed, meaning that the federal government has been investigating Mr. Hernandez-Gonzalez for the last six years. At the time

of the executions of the warrants, the decision was made to charge Mr. Hernandez-Gonzalez in state court. Furthermore, this decision was verified when law enforcement officers and agents presumably met with an assistant state attorney to provide information under oath for the arraignment which occurred three weeks later. In the light most favorable to the government, the government had three weeks from the date of the initial arrest to indict Mr. Hernandez-Gonzalez. The indictment coming now- when the state court prosecution has announced not ready for trial, and Mr. Hernandez-Gonzalez's rights to a speedy trial within one hundred and eighty days of his arrest pursuant to Florida Rule of Criminal Procedure 3.191, is concerning.

Should this court grant the government's request and issue the writ, Luis Hernandez-Gonzalez will first lose his right to a speedy trial. See, Fla. R. Crim. P, 3.191(e):

> **(e) Prisoners outside Jurisdiction.** A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this state or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this state, is not entitled to the benefit of this rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of the person's return is filed with the court and served on the prosecutor. For these persons, the time period under subdivision (a) commences on the date the last act required under this subdivision occurs. For these persons the time period under subdivision (b) commences when the demand is filed so long as the acts required under this subdivision occur before the filing of the demand. If the acts required under this subdivision do not precede the filing of the demand, the demand is

invalid and shall be stricken upon motion of the prosecuting attorney. Nothing in this rule shall affect a prisoner's right to speedy trial under law.

See also, *State v. Mitchel*, 768 So.2d 1223, 1224 (Fla. 3d DCA 2000) ("Defendant argues that the provisions of rule 3.191(e) do not apply because he was in state custody prior to being placed in federal custody. However, the rule does not draw such a distinction.")

Speedy trial in this case expires on December 25, 2016, which means that should this court deny the government's request for a writ, this court can expect this action to begin during the first work week of 2017, or assuming the trial lasts longer than a week, well before the end of January, 2017. The defense is aware of no harm the government will suffer by delaying this case until then.

## INABILITY TO DEFEND THE FORFEITURE PROCEEDING IN 2016-017684-CA-01:

The Miami-Dade Police department is seeking to forfeit the money taken from the home of Luis Hernandez-Gonzalez. Under Florida's Forfeiture and Contraband Statute, Mr. Gonzalez-Hernandez is entitled to an adversarial preliminary hearing at which the seizing agency will be required

to prove a nexus between the currency and one of the items of contraband listed in the statute. 903.703(3)(c) Fla. Stat. 2016. [1]

Like any other litigant in a civil proceeding, Mr. Gonzalez-Hernandez would benefit from his presence at the hearing, which the undersigned counsel has requested the trial judge set aside six hours for. Once this hearing is concluded there will be additional motions and depositions that again, as the claimant, Mr. Hernandez-Gonzalez would benefit from being present.

While it is not impossible for Mr. Hernandez-Gonzalez to be present for the hearings in the civil forfeiture, it is much easier for a court of the same jurisdiction to order the Dade County Department of Corrections to have Mr. Hernandez-Gonzalez present during court hearings, then to have coordinate and arrange the schedule of the trial judge with the United States Marshall's service and any requirements they might have to transport Mr. Hernandez-Gonzalez to and from court proceedings and discovery proceedings.

---

[1] Mr. Hernandez-Gonzalez waived the right to an adversarial preliminary hearing within ten days of seizure. Both parties in the lawsuit have requested of Judge Smith to set a hearing date. The claimant has requested six hours for the hearing.

## SUMMARY:

Mr. Hernandez-Gonzalez has presented this court with specific  harm he will suffer – the loss of his statutory right to a speedy trial in the State Of Florida on three first degree felonies- if this court grants the government's request for a writ. The defense is unaware of any harm the government would suffer if the court did not grant the writ transferring Mr. Hernandez-Gonzalez until January, 2017.

The defense requests that this court either summarily deny the government's request for a writ, or hold hearing in this matter.

Pursuant to the local rules, the defense has discussed this matter (but not this specific motion) with AUSA Elijah Levitt, and the government will not agree to delay this matter until the conclusion of the state criminal proceeding against Mr. Hernandez-Gonzalez. Additionally, the defense believes that AUSA Elijah Levitt is out of the district pursuant to a previously scheduled vacation and will not be back until Monday, October 10, 2017.

Respectfully Submitted,

S/*Philip L. Reizenstein*
Philip L. Reizenstein, Esq.

8

Florida Bar# 634026
Woodward & Reizenstein, PA
2828 Coral Way
Suite 540
Miami, FL, 33145
(305) 444-0755
Philip@Miamicriminallaw.net

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 15, 2016 this document was electronically
filed with Cm/ecf.


S/_____
Philip L. Reizenstein, Esq.

Service List:

United States Attorneys Office