UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF FLORIDA
Case No: 16-20669 CR Scola

UNITED STATES OF AMERICA
       Plaintiff

vs.

LUIS HERNANDEZ-GONZALEZ
       Defendant
_____/

SECOND MOTION IN OPPOSITION TO GOVERNMENT'S REQUEST FOR
WRIT OF HABEAS CORPUS AD PROSEQUENDUM

COMES the Defendant, by and through Woodward and Reizenstein, Philip L. Reizenstein, Esq., and Frank J. Gaviria, Esq., and hereby files this motion in opposition to the request of the Government for this court to issue a writ authorizing the United States Marshall's service to take custody of Luis Hernandez-Gonzalez and to being him from the custody of the Dade County Department of Corrections and deliver him into the custody of the United States Government for the purposes of prosecuting Mr. Luis Hernandez-Gonzalez. In support thereof, the Defendant would aver the following:

I FACTS

1. This motion to quash the government's writ was originally filed on October 15, 2016 [DE: 13].

2. The government filed an opposition to this motion. [DE:14].

1

3. This court denied the original motion to quash the government's application for a writ of *habeas corpus ad prosequendum* as moot as the government had not yet requested as writ. [DE: 15].

4. On Monday, November 14, 2016, the government notified counsel that they intend to petition this court for a writ and in fact a motion for a writ was filed. [DE: 20].

During the interregnum between when the defense filed the initial motion and today, the facts and circumstances of the state court case have changed. All changes further support this court denying the government's application which will delay, as of November 14, 2016, the government's prosecution in this case approximately one month.

5. The defense adopts all the facts of the previously filed motion and supplements this motion with additional facts as follows:

6. The discovery in the state court case F16-013583 is proceeding. The lead detective has been deposed. The civilian cooperating witnesses are scheduled for deposition this week, and the federal agents who have been listed in the State of Florida's discovery response are scheduled – at their request- for deposition next week. The defense notes that the depositions of both federal agents and one cooperating witnesses have been repeatedly re-scheduled at their request.  The

defense has accommodated all requests with the belief that this case would be shortly proceeding to trial since the government, after receiving the court's order noting that no motion for a writ was filed, has waited approximately a month to actually file the request for the writ.

7. The defense has filed a motion to suppress all evidence which is scheduled to be heard on the week of November 28, 2016, pending availability of the court.

8. The trial of the defendant in the state court case, scheduled for November 28, 2016, was continued *one week at the request of the prosecutor*- without objection by the defense- because of personal reasons not germane to the case.

9. The defendant's time-period to be tried under Florida's speedy trial rule expires on December 25, 2016 or forty-one days from November 14, 2016, making this motion even more compelling than the previous motion. Were the court to grant this motion, the delay to the government's prosecution will be barely five weeks. While the government can show no prejudice in this court granting this motion, the prejudice to the defense is explicit, including the loss of speedy trial rights, as argued in the initial motion- as well as now the time period scheduled for the motion to suppress (scheduled to begin in fourteen days from this motion) and the

trial (scheduled to begin in twenty-one days from this motion).  See, Fla. R. Crim. P, 3.191(e):

**ARGUMENT AND SUMMARY:**

The government, in their initial response to the defendant's motion to quash the writ misapprehends the import and effect of the motion. The defense is not seeking to permanently quash and defeat the writ and the government's prosecution of Luis Hernandez-Gonzalez before this court. Rather, based on the government's delay in arresting Luis Hernandez-Gonzalez, the defense is merely requesting that this court stay the execution of the writ until the conclusion of the state court prosecution. In that regard, whether this court issues a stay or denies the writ without prejudice to seeking the writ after the conclusion of the state court prosecution, or grants the writ with a return date of January 15, 2017, all the defense is seeking is the right to finish the defense of their client in state court, and not lose the speedy trial rights he has, and the costs expended in experts and witness and investigative fees. Unlike many other state court cases, this court can be assured of the conclusion of this case within the applicable time periods, as the defense will agree that if they waive their right to a speedy trial in the state court case, they will timely notify the government, this court, and withdraw any opposition to the government's writ.

Federal agents were present when search warrants were served on June 27, 2016. Indeed, according to the lead detective's testimony at deposition in this case, the majority of the language used in the State court search warrant affidavits was drafted by federal DEA agents. The federal government made a choice for whatever reason not to take custody of Mr. Hernandez-Gonzalez when he was arrested on June 27, 2016. The government has watched as the defense has unfolded in the state court case and the defense has expended over thirty thousand dollars in costs to witnesses and expert witness fees to defend the state court prosecution. Now, literally at the last moment with an intervening holiday weekend set to occur next week, the government attempts to step in and short circuit all of the work the defense has done in the state court case and unilaterally abrogate the defendant's state court speedy trial rights.

These actions are arbitrary, capricious, and should not be allowed to stand.

Mr. Hernandez-Gonzalez has presented this court with specific harm he will suffer – the loss of his statutory right to a speedy trial in the State Of Florida on three first degree felonies- if this court grants the government's request for a writ. The defense is unaware of any harm the government

would suffer if the court did not grant the writ transferring Mr. Hernandez-Gonzalez until January, 2017. Indeed, the government did not allege any in their response to the defense's original motion.

The defense requests that this court either summarily deny the government's request for a writ, or hold hearing in this matter.

Pursuant to the local rules, the defense has discussed this matter (but not this specific motion) with AUSA Elijah Levitt, and the government will not agree to delay this matter until the conclusion of the state criminal proceeding against Mr. Hernandez-Gonzalez.

Respectfully Submitted,

S/*Philip L. Reizenstein*
Philip L. Reizenstein, Esq.
Florida Bar# 634026
Woodward & Reizenstein, PA
2828 Coral Way
Suite 540
Miami, FL, 33145
(305) 444-0755
Philip@Miamicriminallaw.net

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 14, 2016 this document was electronically filed with Cm/ecf.

                                                    S/_____
                                                   Philip L. Reizenstein, Esq.

Service List:

United States Attorneys Office