United States District Court
for the
Southern District of Florida

| United States of America, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 16-20669-CR-Scola |
| | ) | |
| Luis Esnay Hernandez-Gonzalez, | ) | |
| Defendant. | ) | |

## Order on Motion to Dismiss

This matter came before the Court upon the Defendant Luis Esnay Hernandez-Gonzalez's motion to dismiss Counts 1 and 2 of the indictment (ECF No. 70). The Defendant claims these Counts for conspiracy to commit money laundering and conspiracy to possess with intent to distribute marijuana are time-barred. (Mot. at 2.) The Court has considered the motion, the Government's response (ECF No. 92), the Defendant's reply (ECF No. 99), the record, and the relevant legal authorities. For reasons set forth more fully in the Government's response, the Court **denies** the motion (**ECF No. 70**).

On March 24, 2017, the Government charged the Defendant by superseding indictment. (ECF No. 55.) The charges at issue here consist of one count of conspiracy to commit money laundering under 18 U.S.C. § 1956(h), allegedly occurring from April 14, 2005, until on or about June 27, 2016, and one count of conspiracy to possess with intent to distribute a controlled substance under 21 U.S.C. § 846, allegedly occurring from April 14, 2005, until on or about December 14, 2016. The Defendant claims the charges are based on multiple and separate conspiracies, each allegedly ending in 2010.[1]

Generally, the Government must bring charges in an indictment or information within five years after the alleged offense has been committed. 18 U.S.C. § 3282(a). The Government has charged the Defendant with two non-overt-act conspiracies. *Whitfield v. United States*, 543 U.S. 209, 219 (2005) ("[C]onviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the

---

[1] Although the Defendant does note that the "Tennessee Conspiracy" occurred "well within the statute of limitations," the Defendant insists that his alleged participation in this conspiracy was separate and apart from other alleged conduct with different individuals. (Mot. at 9.) The Defendant also notes other alleged conduct occurring in 2013 but again insists that this alleged conduct was independent of the time-barred conspiracies. (*Id.* at 11.)

conspiracy."); *United States v. Harriston*, 329 F.3d 779, 783 (11th Cir. 2003) ("The government is not required to prove an overt act for . . . a drug conspiracy under 21 U.S.C. § 846 . . . ."). An indictment for a non-overt-act conspiracy "satisfies the requirements of the statute of limitations if the government alleges and proves, at trial or pretrial, that the conspiracy *continued into the limitations period.*" *United States v. Trujillo*, 544 F. App'x 913, 918–19 (11th Cir. 2013) (quoting *United States v. Butler*, 792 F.2d 1528, 1532 (11th Cir. 1986)).

Further, the Government has charged the Defendant with a single conspiracy in each count, and not with multiple conspiracies. "In determining whether a reasonable trier of fact could have found a single conspiracy, the courts in this Circuit have looked at three factors: 1) whether a common goal existed, 2) the nature of the scheme, and 3) overlap of participants." *United States v. Caporale*, 806 F.2d 1487, 1500 (11th Cir. 1986).

Here, the superseding indictment sufficiently alleges facts to show a single conspiracy with actions that continued into 2016—well within the statute of limitations. Thus, Counts 1 and 2 of the superseding indictment are not time-barred by the statute of limitations. *See United States v. Coia*, 719 F.2d 1120, 1125 (11th Cir. 1983) (vacating and remanding for further proceedings the district court order dismissing an indictment for a non-overt-act conspiracy on statute of limitations grounds, where the indictment on its face alleged acts that continued into the limitations period).

Accordingly, the Court **denies** the Defendant's motion to dismiss Counts 1 and 2 of the superseding indictment.

**Done and Ordered** at Miami, Florida, on August 16, 2017.

Robert N. Scola, Jr.
United States District Judge